1 **WO**

2 NOT FOR PUBLICATION

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MICHAEL LAWLER, | ) | No. CV-08-1953-GMS-PHX |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| CHARLES L. RYAN, *et. al.*, | ) | |
| Respondents. | ) | |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Michael Lawler ("Petitioner"), filed pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On September 28, 2009, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R & R") in favor of Respondents,[1] recommending that the Court deny the Petition. (Dkt. # 27.) Petitioner has filed Written Objections to the R & R. (Dkt. # 28.) For the following reasons, the Court adopts the R & R and dismisses the Petition with prejudice.

**BACKGROUND**

On June 9, 1997, Petitioner was found guilty on two counts of sexual assault. (Dkt. # 20, Ex. S at 16–17). Pursuant to his convictions, the trial court sentenced Petitioner to

---

[1] When Petitioner filed the instant action, Dora Schriro was the Director of the Arizona Department of Corrections. Charles L. Ryan has now replaced Respondent Schriro as Director. Pursuant to Federal Rule of Civil Procedure 25(d), Charles L. Ryan is substituted as a Respondent to this action in place of Dora Schriro.

concurrent terms of fourteen years' imprisonment. (Dkt. # 20, Ex. W at 18–20.) The R & R sets forth the factual and procedural background of this case, to which neither party offered specific objections. Accordingly, the Court adopts that background as an accurate recital.

In his Petition for Writ of Habeas Corpus, Petitioner raised the following two grounds for relief:

(1) trial counsel was ineffective for failing to relay the State's plea offer to Petitioner; and

(2) trial counsel was ineffective for failing to request a *Pope* hearing to present evidence of victim's prior false allegations of sexual misconduct.

(Dkt. # 1 at 5–6.) All parties agree that Petitioner properly exhausted these claims in state court and that he has timely filed this Petition.

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1225 (D. Ariz. 2003). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made.").

**DISCUSSION**

On October 13, 2009, Petitioner timely brought forth Written Objections to the R & R. (Dkt. #28.) In his Objections, Petitioner primarily argues that the Judge Anderson erred when he credited several of the state court's factual determinations. Petitioner asserts that the state's factual findings are constitutionally unreasonable.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state court findings of fact are given considerable deference. *See* 28 U.S.C. § 2254(d)(2). "A federal court may not second-guess a state court's fact-finding process unless, after review

of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *cert denied*, 543 U.S. 1038 (2004) (internal citation omitted). A state court decision is based on an unreasonable determination of the facts if "an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding[s] [are] supported by the record." *See id.* at 1000. "[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient." *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). The habeas court presumes that the state court's factual determinations are correct, and petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (stating that "a determination of factual issues made by a [s]tate court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Williams v. Rhoades*, 354 F.3d 1101, 1106 (9th Cir. 2004). "Clear and convincing evidence" within the meaning of § 2254 "requires greater proof than preponderance of the evidence[;]" instead Petitioner must present evidence that provides "an abiding conviction" that the factual contentions being advanced are "highly probable." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004) (quotation omitted).

## I. Ineffective Assistance of Counsel – Failure to Convey a Plea Offer

In his Ground I claim, Petitioner argues that trial counsel rendered ineffective assistance because he failed to "[r]elay the State's plea offer to Petitioner so that he could make an informed decision to proceed to trial or accept the plea." (Dkt. # 1 at 5.) The Court agrees with Judge Anderson's determination that Petitioner is not entitled to habeas corpus relief on Ground One.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant standard for determining whether a criminal defendant has received ineffective assistance of counsel. In order to obtain habeas relief under *Strickland*, a petitioner must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687.

**A. Counsel's Performance Was Not Deficient.**

To satisfy the first prong of *Strickland*, a petitioner must demonstrate that counsel's performance fell below what would be considered objectively reasonable. *Id.* at 687–88. The Ninth Circuit has previously held that a defense attorney's failure to communicate a plea offer to his or her client constitutes deficient performance as a matter of law. *See United States v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994). When a petitioner's ineffective assistance of counsel claim is based on an attorney's failure to communicate a plea offer, "the threshold issue . . . is whether the government ever extended a plea offer to [defendant] through [counsel]." *Guerrero v. United States*, 383 F.3d 409, 417 (6th Cir. 2004). On "this . . . purely factual issue," *id.*, the state post-conviction relief court held an evidentiary hearing and determined that the government did not make a plea offer to Petitioner. (*See* Dkt. # 20, Ex. FFF at 1.)

Petitioner, however, offers multiple objections suggesting that the Arizona state court and Judge Anderson erred in determining that the State never made a plea offer. (Dkt. # 28 at 4.) Petitioner asserts that such a finding is unreasonable in light of the evidence presented at his evidentiary hearing. Specifically, Petitioner points to statements from his trial attorney, Bill Stephens ("Mr. Stephens"), offered in response to questioning at the evidentiary hearing:

> Q: When you first received the case did you shortly thereafter begin any plea negotiations at all with the prosecutor?
>
> A: No. Because Mr. Lawler informed me that he would not accept any type of plea. The prosecutor is now a judge, Heilman. Judge Heilman and I walked out one time, and he was still with the county attorney's office, and he said he would put together a plea. And I did inform him that Mr. Lawler informed me that he would not accept any kind of plea.
>
> \*\*\*
>
> Q: Other than the prosecutor approaching you one day—and you say he offered something? Was that sort of casual off-of-the-cuff?
>
> A: No . . . County Attorney Heilman[] was walking with me. We were walking out together and he said, I will put together a plea agreement. And that I said, well, Mr. Lawler will not accept a plea agreement.

1    Q: Did he ever put anything together for you to consider?

2    A: Not to my knowledge.

(Dkt. # 20, Ex. CCC at 8–10.) Petitioner argues that these statements indicate that a plea agreement was offered. During the hearing, Petitioner also testified and indicated that the government did make a plea offer. (Dkt. # 20 , Ex. EEE at 22–23, 34–35.) Petitioner further presents evidence that Mr. Saienni, one of trial counsel's colleagues, testified that the government was receptive to a plea.[2]

At the evidentiary hearing, however, Petitioner's trial attorney specifically testified that the state never extended a plea offer. Mr. Saienni also conceded that no formal plea offer was made. And, while Petitioner testified at the evidentiary hearing that his attorney failed to convey a plea offer, Petitioner admitted that " no formal offer" was ever made. (Dkt. # 20, Ex. EEE, at 32.) Additionally, while Petitioner alleges in his Objections and his Petition that the plea offer provided a sentence of "lifetime probation," the trial court observed that such an offer seemed implausible in a case involving sexual assault since the alleged offer did not include any "prison time." (Dkt. # 20, Ex. EEE at 46.) Accordingly, the Court is satisfied that "an appellate panel, applying the normal standards of appellate review could . . . reasonably conclude that the state court's finding is supported by the record." *See Taylor*, 366 F.3d at 1000 (citation omitted). Nevertheless, with respect to his Ground I claim, Petitioner appears to raise three additional objections to Judge Anderson's R & R.

First, Petitioner objects to the determination that the post-conviction relief court "implicitly found Mr. Stephen's testimony more credible than any contrary testimony in concluding that the state had never offered a plea agreement." (*See* Dkt. # 27 at 13.) But, as the Ninth Circuit has explicitly held, "The presumption of correctness applies not only to

---

[2] Petitioner objects to the R & R's depiction of Mr. Saienni. Petitioner claims Mr. Saienni had more involvement in Petitioner's case than the R & R suggests. (Dkt. # 28 at 2.) The degree of Mr. Saienni's involvement in Petitioner's trial, however, has no effect on the Court's analysis of this case. It appears that Judge Anderson chose not to include all of these facts for brevity and to improve readability.

- 5 -

express findings of fact, but also applies equally to unarticulated findings that are necessary to the state court's conclusions of mixed questions of fact and law." *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007) (applying the presumption of correctness to a credibility determination that was implicit to the state court's rejection of the petitioner's claims) (citing *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983)). Here, two versions of the facts were presented at Petitioner's evidentiary hearing. The state court credited the government's version of those facts; therefore, the state court inherently determined that Petitioner's trial counsel presented more credible testimony than did Petitioner. And, to the extent that Petitioner challenges the credibility of Mr. Stephens' testimony, this Court on habeas review may not "redetermine credibility of witnesses whose demeanor has been observed by the state trial court." *Aiken v. Blodgett*, 921 F.2d 214, 217 (9th Cir. 1990) (citing *Lonberger*, 549 U.S. at 434).

Next, Petitioner's objection to the fact-finding process employed by the state court is also without merit. (*See* Dkt. # 28 at 2.) According to the Ninth Circuit,

> [B]efore we can determine that the state-court fact-finding process is defective in some material way, or perhaps non-existent, we must more than merely doubt whether the process operated properly. Rather, we must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.

*Taylor*, 366 F.3d at 1000. Here, Petitioner presents no evidence suggesting that the process or method of the state's fact-finding process was unreasonable, defective, or non-existent. All of the facts demonstrate otherwise. Petitioner was afforded an evidentiary hearing wherein counsel was appointed, and he was given the opportunity to testify, present witnesses, and to cross-examine the government's witnesses. This was adequate to afford Petitioner a full and fair hearing for determining the facts relevant to Petitioner's ineffective assistance of counsel claim.

In his third objection, Petitioner appears to argue that the R & R omits "critical" portions of a letter contained in the record and that this omitted fact demonstrates that the state court's factual findings are unreasonable. (Dkt. # 28 at 9.) The omitted portion of the

letter, which Mr. Stephens wrote to Petitioner's parents shortly before trial, provides, "It is my intention to do everything I can to walk [Petitioner] out of the courtroom absolutely innocent of all charges . . . [w]ith the information that we have on hand with our ongoing investigation to this point in time, I am confident that we are going to walk [Petitioner] out." (Dkt. # 26 at 11.)³ Here, the omitted portion of the letter does nothing to change the analysis and it has no bearing on the state court's factual findings. The omitted portion does not provide clear and convincing evidence that counsel failed to convey a plea agreement to Petitioner.

Thus, despite Petitioner's averments and objections, the state court's determination that there was no government plea offer was not unreasonable. At the most, Petitioner has presented evidence that the government had extended an invitation to enter into plea negotiations. Those courts that have addressed this issue have held that failure to convey an invitation to negotiate does not constitute ineffective assistance. *See Berthoff v. United States*, 140 F. Supp.2d 50, 58 (D. Mass. 2001) (holding that failure to communicate an invitation to enter plea negotiations did not constitute deficient performance under *Strickland*); *Frost v. United States*, 2002 WL 1941469 at *3 (S.D. N.Y. Aug. 21, 2002) (holding that Counsel's failure to inform the defendant of a letter from the government concerning a possible plea agreement did not constitute ineffective assistance of counsel, since the letter was merely an invitation to enter into plea negotiations). Hence, Arizona did not engage in a decision "contrary to" or "involving an unreasonable application of federal law" when it decided that Petitioner's attorney was not constitutionally deficient for failing to convey an invitation to enter plea negotiations. *See* 28 U.S.C. § 2254(d).

**B. Counsel's Performance Did Not Prejudice Petitioner's Defense.**

Even if counsel's performance was constitutionally deficient, Petitioner is not entitled to habeas relief on his Ground I claim because he fails to demonstrate prejudice. *See*

---

³The R & R did include the following: "In support of his claim, Petitioner submits a letter written by Stephens which includes a statement that, 'I am confident that we are going to walk Mike out.'" (Dkt. # 27 at 18–19.)

*Strickland*, 466 U.S. at 687. In cases where counsel fails to convey the government's plea offer, a petitioner may establish the requisite prejudice by demonstrating a "reasonable probability" that if he had been notified of the plea offer, he would have accepted it. *Jones v. Wood*, 114 F.3d 1002, 1010, 1012 (9th Cir. 1997) (citing *Blaylock*, 20 F.3d at 1466–67). In cases where a petitioner "[goes] to trial, [takes] the stand, and steadfastly professe[s] his [or her] innocence," courts have frequently held that a petitioner fails to demonstrate a "reasonable probability" that he or she would have accepted the plea. *See Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005); *Jones*, 114 F.3d at 1012 (finding it unlikely that a petitioner would have accepted a plea in light of his "steadfast and unmoving claims of innocence").

Here, Petitioner objects to Judge Anderson's refusal to credit Petitioner's own testimony during the state court's evidentiary hearing wherein Petitioner indicated that he would have "absolutely" accepted a plea if one had been offered. (Dkt. # 28 at 11–12.) Nevertheless, like the Petitioner in *Gallo-Vasquez*, Petitioner "went to trial, took the stand, and steadfastly professed his innocense." *See* 402 F.3d at 799. Moreover, Petitioner's contention that he would have accepted the plea is implausible in light of Petitioner's own "steadfast and unmoving claims of innocence." *See Jones*, 114 F.3d at 1012. There is no doubt that Petitioner would prefer a lesser sentence to the one he received; the Court, however, must look to Petitioner's statements and beliefs at the time of trial to determine whether there is a reasonable probability that Petitioner would have pled guilty. During his evidentiary hearing on this matter, Petitioner conceded that before trial he never "expressed a desire to plead guilty;" instead he "expressed a desire to go to trial." (Dkt. # 20, Ex. EEE, at 28.)

And, while Petitioner did plead guilty to sexual assault in a subsequent case involving similar allegations Judge Anderson determined that the latter decision was almost certainly influenced by his conviction in this case. On post-conviction review, Mr. Saienni testified that after Petitioner was convicted, he told Petitioner, "that [anything else] that comes down the pike is going to be consecutive. And we had—they had to bundle them up and plead them

out. He couldn't risk going to trial." (Dkt. # 20, Ex. EEE at 10, 15.) As Judge Anderson observed, "Rather than supporting a finding that there is [a] reasonable probability that Petitioner would have entered a plea in this case," Petitioner's decision to plead guilty in a subsequent case "indicates that Petitioner, having once been found guilty on similar charges, chose not to gamble on a jury a second time." (Dkt # 27 at 21.)

## II. Ineffective Assistance of Counsel – Failure to Request a *Pope* Hearing

In his Ground II claim, Petitioner argues that his trial counsel was ineffective for failing to request a hearing to determine the admissibility of the victim's prior, allegedly false, accusations of sexual misconduct in the workplace. (Dkt. # 1 at 6.) Here, Petitioner claims that Mr. Stephens was ineffective because he failed to "offer of proof or argument that the false allegations were relevant or material to the victim's credibility, a necessary prerequisite to their admission under Arizona law." (*Id.*) *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 24–29, 545 P.2d 946, 948–53 (1976) (holding that evidence of a rape victim's "unchastity would be admissible in conjunction with an effort by the defense to show that the complaining witness has made unsubstantiated charges of rape in the past," but that before admitting such evidence a court must conduct a hearing outside the presence of the jury). Judge Anderson rejected this claim because under *Strickland*, counsel's performance was neither deficient nor prejudicial given that Petitioner did not produce any evidence that the victim had previously made false accusations of sexual misconduct.

### A. Counsel's Performance Was Not Deficient.

The post-conviction relief court determined that counsel's performance was not deficient for failing to request a *Pope* hearing. (Dkt. # 20, Ex. FFF at 2.) The state court noted that Mr. Stephens hired an investigator who found no evidence that the victim had previously made false allegations of sexual assault or sexual harassment. (*Id.*) Similarly, the state court noted that trial counsel's failure to request the hearing was not deficient because Mr. Stephens did not have a good faith basis to request the hearing. (*Id.*)

At the evidentiary hearing on Petitioner's Rule 32 petition, none of the witnesses presented any objective evidence supporting Petitioner's claim that the victim in this case had

made prior false accusations of sexual misconduct. Mr. Stephens testified that he found "no evidence whatsoever that the victim . . . had made a false claim regarding a sexual offense against her." (Dkt. # 20, Ex. CCC at 26.) Mr. Saienni also testified that he recalled Mr. Stephens attempting to locate witnesses who would testify that the victim had made "similar allegations" in the past to show she "had a history of crying wolf," but could not recall whether Mr. Stephens had located any witnesses. (Dkt. # 20, Ex. EEE at 17–20.) And while Petitioner testified that his attorney's confidence in this case emanated from a belief that the victim had made similar accusations in the past, Petitioner later admitted that he was not aware of any affidavits or interview transcripts from witnesses who would substantiate his accusations against the victim. (Dkt. # 20, Ex. EEE at 35–36.) Petitioner identifies a police report wherein the victim told police that she had been raped by her uncle; however, Petitioner presents no evidence that the victim's accusation of rape against her uncle was somehow fabricated. (*Id.*) This evidence supports the state court's factual finding that there was no evidence to support a request for a *Pope* hearing. (Dkt. # 20, Ex. FFF at 2.) These findings are entitled to deference under 28 U.S.C. § 2254(d), and Petitioner fails in his Petition and his Objections to present any evidence, let alone clear and convincing evidence, that these factual findings are unreasonable. Since there was no basis for Petitioner's attorney to request a *Pope* hearing, Mr. Stephens was not deficient for failing to make such a request.

In his Objections, Petitioner argues that during the evidentiary hearing, the government stipulated that Mr. Stephen's failure to request a *Pope* hearing constituted error under *Strickland*'s deficient performance standard. (Dkt. # 28 at 13.) According to Petitioner, the following exchange transpired sometime during the evidentiary hearing:

> State: Your Honor I will stipulate to the error prong, *Strickland* error prong, but not the prejudice prong.
>
> The Court: Correct . . . .
>
> PCR Counsel: Your Honor, I guess our position is – both counsel and myself agree that there was in error her (sic) in this case. What we disagree on is whether or not there was prejudice. So we are effectively arguing the second prong of *Strickland* . . . .

(*Id.*) The cited portion of the record, however, does not contain this verbal exchange. (*See* Dkt. # 20, Ex. CCC at 4–5.) And, upon review of the record, the Court is unable to locate this dialog anywhere in the evidentiary hearing transcripts.[4] Nevertheless, even assuming the parties did stipulate that Mr. Stephen's failure to request a *Pope* hearing constituted deficient performance, to the extent that the post-conviction relief court ignored such a stipulation, the court only committed harmless error because the attorney's failure to request a *Pope* hearing did not prejudice Petitioner under *Strickland*.

### B. Counsel's Performance Did Not Prejudice Petitioner's Defense.

Even assuming counsel was deficient for failing to request a *Pope* hearing, Petitioner has not established that he was prejudiced by trial counsel's alleged error. To demonstrate prejudice based on counsel's failure to request a *Pope* hearing, Petitioner must establish that there is a reasonable probability that, but for counsel's failure to do so, the court would have found the victim's prior accusations relevant and admissible. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (holding that in order to demonstrate prejudice when the alleged deficiency was the failure to challenge the admission of evidence, the petitioner must show that the challenge would have been meritorious and that there is a "reasonable probability that the verdict would have been different"); *see also United States v. Malone*, 484 F.3d 916, 919–20 (7th Cir. 2007) (observing that even if counsel's failure to file a motion to suppress constituted deficient performance, counsel's performance was not prejudicial because "there is nothing . . . that would have compelled the court to grant a motion to suppress even if one had been filed").

In this case, Petitioner has failed to present any evidence that the victim's prior allegations of sexual misconduct were false. Hence, Petitioner has failed to show that they would have been admissible at trial. *See Pope*, 113 Ariz. at 24–29, 545 P.2d at 948–53.

---

[4]With respect to Petitioner's Ground II claim, the Court did locate the following statement from Petitioner's counsel during his post-conviction relief proceedings: "I think we have concurred, or at least consented that there was, there was (sic) error in this case. So the issue is whether it was prejudicial." (Dkt. # 26, Ex. CCC at 35.)

Contrary to Petitioner's averment that an evidentiary hearing is necessary to decide whether counsel's failure to request a *Pope* hearing was prejudicial, (Dkt. # 28 at 13–14), the trial court has already determined that there was no basis to admit the victim's prior accusations since there was no evidence that such accusations were false. Indeed, the state post-conviction court specifically determined that Petitioner's trial counsel conducted an investigation and had no basis to "represent to the court that the victim had [previously] made false accusations of sexual assault or rape." (Dkt. # 20, Ex. FFF at 2.)

## CONCLUSION

Petitioner has failed to establish that his trial attorney rendered ineffective assistance of counsel. Petitioner is unable to demonstrate by clear and convincing evidence that his trial attorney failed to communicate a government plea offer. Additionally, Petitioner has failed to establish that counsel was constitutionally ineffective for failing to request a *Pope* hearing.

**IT IS HEREBY ORDERED**

(1) Charles L. Ryan is substituted as a Respondent to this action in place of Dora Schriro. The Clerk of the Court is directed to amend the docket to reflect this substitution.

(1) Judge Anderson's R & R (Dkt. # 27) is **ACCEPTED**.

(2) Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 1) is **DENIED**.

(3) Petitioner's request for an evidentiary hearing is **DENIED**.

(4) The Clerk fo Court shall **TERMINATE** this action.

(5) A certificate of appealability is **DENIED** with respect to Petitioner's ineffective assistance of counsel claims. Here, Petitioner has not made a substantial showing of the denial of a constitutional right

DATED this 2nd day of December, 2009.

G. Murray Snow
United States District Judge